# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANGELA MOORE,

    Plaintiff,

v.                                               No. CIV 01-1079 WJ/JHG

THE CONNECTION,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TAX ATTORNEY'S FEES

THIS MATTER comes before the Court pursuant to Defendant's Motion to Tax Attorney's Fees [Docket No. 78]. Having reviewed the Defendant's submission, I find that Defendant is not entitled to an award of attorney's fees for the following reasons.

**BACKGROUND**

Plaintiff *pro se* filed a complaint in this Court against Defendant, Plaintiff's former employer. The complaint alleged that Defendant engaged in race discrimination in employment in violation of 42 U.S.C. § 2000e-5 (hereinafter Title VII) and 42 U.S.C. § 1981 when her employment was terminated. Defendant and Plaintiff filed motions for summary judgment. By a Memorandum Opinion and Order filed October 7, 2002, I denied Plaintiff's motion for summary judgment and granted Defendant's motion for summary judgment [Docket No. 74].

In determining that Defendant was entitled to summary judgment, I found that Plaintiff had made a prima facie showing of discrimination but that Defendant had articulated a legitimate, nondiscriminatory reason for its termination of Plaintiff's employment. I then found

that Plaintiff had failed to meet her burden of showing that the Defendant's proffered reason for Plaintiff's termination was a pretext for discrimination.

Defendant now seeks its attorney's fees pursuant to 42 U.S.C. 2000e-5(k) by motion filed October 16, 2002.  Plaintiff did not file a response to Defendant's motion, and the time for a response has run.  Plaintiff filed a notice of appeal in this case on November 4, 2002.  The filing of a notice of appeal divests this Court of jurisdiction of the issues on appeal; however, the Court retains jurisdiction over collateral matters not involved in the appeal, and attorneys' fees awards are collateral matters over which the district court retains jurisdiction.  Lancaster v. Independent School Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998).

**DISCUSSION**

"A district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222, 297 F.3d 1146, 1153 (10th Cir. 2002).  The standard for awarding fees to a prevailing defendant under Title VII are identical to the standards for awarding fees to a prevailing defendant under Section 1981 which are awarded pursuant to 42 U.S.C. Section 1988.  Roberts v. Roadway Exp., Inc., 149 F.3d 1098 (10th Cir. 1998); Simons v. Soutwest Petro-Chem, Inc., 28 F.3d 1029 (10th Cir. 1994).  Under the liberal rules applicable to pro se complaints, an action is frivolous if the plaintiff cannot make a rational argument on the law and facts in support of her claim.  Van Sickle v. Holloway, 791 F.2d 1431 (10th Cir. 2000). An unrepresented litigant should not be punished for her failure to recognize subtle factual or legal deficiencies in her claims, and a court should consider a pro se plaintiff's ability to

recognize the objective merit of her claim when analyzing a defendant's request for attorney's fees under 42 U.S.C. Section 1988. Houston v. Norton, 215 F.3d 1172, 1174 (10th Cir. 2000). The Court should not award attorneys' fees against a pro se plaintiff unless no reasonable pro se plaintiff could have believed her claims had merit or unless the plaintiff continued to litigate frivolous claims after a reasonable pro se plaintiff would have known her claims were frivolous. See Crabtree v. Muchmore, 904 F.2d 1475 (10th Cir. 1990).

I find that the Plaintiff could reasonably have believed that her claims had merit, and it was not unreasonable for Plaintiff to continue to litigate her claims throughout the pendency of her case in this Court. This is supported by a reading of Plaintiff's complaint, a reading of this Court's Memorandum Opinion and Order granting Defendant's motion for summary judgment [Docket No. 74], and a review of the record in this case. This Court did not grant Defendant's motion for summary judgment lightly and easily. Plaintiff did meet her burden of showing a prima facie case of discrimination. Thus, Plaintiff's claims were not so frivolous, groundless, meritless, and unreasonable as to warrant an award of attorney's fees against her.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Tax Attorney's Fees [Docket No. 78] in hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE